# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**SIMON ERIC REED**                                                                 **PLAINTIFF**

**V.**                          **CASE NO. 4:18-CV-57-DPM-BD**

**FAULKNER COUNTY SHERIFF'S OFFICE,**
*et al.*                                                                                    **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the Court Clerk within 14 days of the date this Recommendation is filed. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

### II.  Discussion

A. Background

Simon Eric Reed, a pre-trial detainee at the Faulkner County Detention Center ("Detention Center"), filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Because Mr. Reed's original complaint was flawed, he was

given an opportunity to amend his complaint to remedy the defects identified by the Court. (#5) Mr. Reed has now filed his amended complaint. (#8)

B.  Analysis

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints that seek relief against a governmental entity, officer, or employee before ordering service of process. 28 U.S.C. § 1915A(a). The Court must dismiss claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations set out in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

    1.  Faulkner County Sheriff's Office and Faulkner County Detention Center

In his original complaint, Mr. Reed named the Faulkner County Sheriff's Office and the Faulkner County Detention Center as Defendants. As previously explained to Mr. Reed, these Defendants are not entities that can be sued under 42 U.S.C. § 1983. See, *e.g.*, *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (police department is not an entity "suable as such"); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit" under § 1983); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (the police department is not a separate suable entity); and *Owens v. Scott*

*County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("jails are not legal entities amenable to suit").

  2. Defendants Ferguson and Fletcher

In his motion for the Court to accept the amendments to his complaint (#9), Mr. Reed asks to dismiss claims against Defendants Ferguson and Fletcher. Thus, Mr. Reed's claims against those Defendants should be dismissed, without prejudice.

  3. Abstention

In his original and amended complaints, Mr. Reed claims that officers who arrested him in November 2017, violated his fourth amendment rights by arresting him following a traffic stop. He further claims that he was denied a lawyer for thirty-three days, in violation of his sixth amendment right to counsel; that he was denied a "reasonable cause hearing" in his state court criminal case; that he was charged by felony information rather by indictment, in violation of his due process rights; and that he has not been afforded a bond hearing or a suppression hearing in his state-court criminal case.

The Court has reviewed Mr. Reed's state-court criminal case, *State v. Reed*, Faulkner County Circuit Court Case No. 23CR-17-1194.[1] The docket sheet in that case indicates that, on November 15, 2017, Mr. Reed was arrested following a traffic stop. On November 17, by felony information, Mr. Reed was charged with possession of methamphetamine and possession of drug paraphernalia. On the same date, Mr. Reed was brought before the Faulkner County Circuit Court for an initial appearance. At that

---

[1] The Court accessed the docket sheet for Mr. Reed's state-court criminal case using the public website https://caseinfo.aoc.arkansas.gov.

3

hearing, the circuit court approved the appointment of a public defender for Mr. Reed and set his bond at $5,000. His arraignment was scheduled for December 18.

During his formal arraignment on December 18, 2017, Mr. Reed asked to represent himself. On that date, Mr. Reed moved for his bond to be set aside or vacated, and requested that the court hear his motion to suppress the State's evidence prior to his scheduled pre-trial hearing. Since that date, Mr. Reed has filed multiple motions in his state criminal case, including motions to dismiss and motions for speedy trial. A pre-trial hearing in that case is scheduled for April 3, 2018.

It is undisputed that Mr. Reed is in jail awaiting trial on state criminal charges. This Court should abstain from proceeding with Mr. Reed's federal civil rights case because the criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and Mr. Reed will have an opportunity to raise constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).

Although Mr. Reed alleges that the State of Arkansas is deliberately "drag[ing] its feet to dismiss charges on him," there is no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). Under settled law, this case should be stayed until after final disposition of Mr. Reed's state-court criminal case, including any appeal. At that time, Mr. Reed would be free to ask the Court to re-open this lawsuit.

4. Access-to-courts Claim

In his original and amended complaints, Mr. Reed also complains that he has been denied access to law books and case law; that Defendant Andrews instructed Defendant Page to stop printing case law for Mr. Reed; that he had to re-write several pages of his amended complaint after unknown Detention Center officers lost them; that he has been denied "meaningful access to legal materials and research ability"; and that he was denied extra stationary to use for legal work. (#8 at pp.9, 11, 12, 13)

The First Amendment unquestionably protects an inmate's right to access to the courts. *Johnson v. Avery*, 393 U.S. 483, 489-90 (1969). To prevail on a claim for interference with access, however, Mr. Reed must demonstrate that he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). Here, Mr. Reed has failed to allege that he has suffered any such injury.

5. Condition-of-confinement Claims

In addition, in his original and amended complaint, Mr. Reed complains that: the Detention Center lacks remote controls to operate the television; the Detention Center commissary does not offer specific items, such as cigarettes, smokeless tobacco, hot chocolate, and coffee; Defendant Andrews had him handcuffed behind his back to receive a "talking to" by Officer Brawley; and he had to trade commissary food items for pencils, papers, and extra envelopes. Unfortunately for Mr. Reed, these allegations, even if true, do not rise to a constitutional level.

Finally, in his original complaint, Mr. Reed also complains generally about the cost of the telephone system, black mold in the showers, overcrowding, and the restrictions imposed by the Detention Center mail policy. Mr. Reed, however, fails to allege any constitutional injury as a result of these conditions. This omission is fatal to these claims.

### III. Conclusion

The Court recommends that Mr. Reed's claims against the Faulkner County Sheriff's Department and the Faulkner County Detention Center be DISMISSED, with prejudice. His claims against Defendants Ferguson and Fletcher, as well as his access-to-court and conditions-of-confinement claims, should be DISMISSED, without prejudice. His remaining claims should be stayed until his state criminal charges are resolved.

DATED, this 23rd day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE